# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPER SHIPMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No.   CIV-11-344-RAW-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration,[1] | ) |
| | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Christopher Shipman requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799,

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on November 27, 1962 and was forty-five years old at the time of the second administrative hearing. He has a high school education and past relevant work as a dishwasher, housekeeper, and poultry dresser (Tr. 840). The claimant alleges that he has been unable to work since August 3, 2006, because of severe social phobia, severe depression, obsessive compulsive disorder (OCD), severe anxiety, and agoraphobia (Tr. 562).

### Procedural History

The claimant applied on January 29, 2007 for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His application was denied. ALJ Lantz McClain determined that the claimant was not disabled in a written opinion dated November 5, 2008 (Tr. 8-14). After the Appeals Council decided not to review the ALJ's decision, the Honorable James H. Payne of the Eastern District of Oklahoma reversed the ALJ's opinion and remanded to the ALJ with instructions to properly analyze the treating physician opinions of Dr. Pearl Beguesse, M.D. in accordance with 20 C.F.R. § 416.927. (Tr. 335). Following the remand by this Court, ALJ Michael Kirkpatrick determined that the claimant was not disabled in a written decision dated February 10, 2011 (Tr. 823-41). The Appeals Council denied

review of this opinion, so the ALJ's February 10, 2011 written opinion is the Commissioner's final decision for purposes of this appeal.  *See* 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation.  He found that the claimant has the ability to perform work at all exertional levels, but that claimant would be limited to simple, unskilled tasks that do not require interaction with the general public (Tr. 827).  The ALJ concluded that the claimant is capable of performing his past relevant work as a dishwasher, housekeeper, and poultry dresser  (Tr. 840).

### Review

The claimant contends that the ALJ erred by failing to properly analyze the opinions of claimant's treating physician Dr. Pearl Beguesse, M.D.[3]  While the undersigned finds no error in the analysis of Dr. Beguesse's opinion, the ALJ *did* fail to properly analyze the medical evidence of record.

State reviewing physician Dr. W. Miller Logan, M.D. completed a Psychiatric Review Technique on April 11, 2009.  Dr. Logan opined that claimant suffered from the following: i) affective disorders, depressive syndrome characterized by appetite disturbance with change in weight, sleep disturbance, and difficulty concentrating or thinking; ii) anxiety-related disorders, characterized by generalized persistent anxiety, a persistent or irrational fear of a specific object, activity or situation, and recurrent and intrusive recollections of a traumatic experience, and iii) substance addiction disorders

---

[3] The claimant also argues that the ALJ erred by failing to adopt all of the limitations expressed in Dr. Beguesse's opinions, but that argument presupposes that Dr. Beguesse's opinion deserves controlling weight.

-4-

related to alcohol and amphetamine dependence in remission (Tr. 730, 732, 735). Accordingly, Dr. Logan found that claimant had mild limitations related to his activities of daily living, marked limitations in his ability to maintain social functioning, and moderate limitations in maintaining concentration, persistence, or pace (Tr. 737). Dr. Logan also completed a Mental Residual Functional Capacity Assessment in which he found claimant markedly limited in the ability to interact appropriately with the general public and moderately limited in the following functional categories: i) ability to understand and remember detailed instructions; ii) ability to carry out detailed instructions; iii) ability to maintain attention and concentration for extended periods; iv) ability to work in coordination with or proximity to others without being distracted by them; v) ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and vi) ability to accept instructions and respond appropriately to criticism from supervisors (Tr. 741-42). Dr. Logan wrote that claimant could perform simple tasks, would have difficulty with concentration and focus, could perform repetitive tasks but would have difficulty with complex tasks, and would have difficulty interacting with the general public (Tr. 743).

Social Security Ruling 96-6p indicates that the ALJ "must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians and psychologists." 1996 WL 374180, at *4. These opinions are to be treated as medical opinions from non-examining sources. *Id*. at *2. Although the ALJ is not bound by a state agency physician's determination, he

cannot ignore it and must explain the weight given to the opinion in his decision. *Id*. *See also Valdez v. Barnhart*, 62 Fed. Appx. 838, 841 (10th Cir. 2003) ("If an ALJ intends to rely on a non-examining source's opinion, he must explain the weight he is giving it.") [unpublished opinion].

In this case, the ALJ committed two errors with respect to Dr. Logan's opinion.[4] First, the ALJ failed to provide an analysis of Dr. Logan's opinion in accordance with 20 C.F.R. § 416.927(e). ("We consider all evidence from nonexamining sources to be opinion evidence. When we consider the opinions of nonexamining sources, we apply the rules in paragraphs (a) through (d) of this section."). *See also*, *Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate *every* medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give *any* medical opinion.") [internal citation omitted] [emphasis added], *citing Goatcher v. United States*

---

[4] The ALJ's decision did not specifically address *any* of the state physician opinions, and stated only that "[t]he DDS mental health specialist concluded that claimant did not have a medically determinable mental impairment of such severity as to preclude simple work tasks that do not require interaction with the general public." (Tr. 838-39). While the ALJ does not specify *what* opinion he is referring to, it stands to reason that the ALJ may have been citing the opinion of either Dr. Ron Smallwood, Ph.D. (Tr. 685), Burnard Pearce, Ph.D. (Tr. 260), or Hannah Swallow, Ph.D. (Tr. 185). But Dr. Logan's opinion conflicts with each of these opinions, and as such, the ALJ is required to explain why he chose to adopt those opinions over the opinion of Dr. Logan. *Shubargo v. Barnhart*, 161 Fed. Appx. 748, 754 (10th Cir. 2005) ("[T]he agency requires ALJs to weigh all medical source opinion evidence and explain in their decision why they rely on a particular non-examining agency expert's opinion when opinions are conflicting . . . We conclude that this case must be remanded for the ALJ to consider and discuss Dr. Woodcock's medical opinion and to explain why he rejected it in favor of other non-examining consultative opinions.") [unpublished opinion], *citing* 20 C.F.R. §§ 404.1527(f); *Hamlin v. Barnhart*, 365 F.3d 1208, 1223 (10th Cir. 2004); *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

*Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995). Second, the ALJ failed to explain the weight he was assigning to the opinion. *Warren v. Barnhart*, 2006 WL 4050700, at *7 (D. Kan. July 10, 2006) (remanding ALJ's decision because it "contain[ed] no analysis of the expert's medical opinion, evaluation of the opinion pursuant to the regulatory factors, or explanation of how the expert's opinion outweigh[ed] that of the treating physician.") [unpublished opinion].

The failure to properly analyze Dr. Logan's opinion was not harmless in this case. Dr. Logan found that claimant had moderate limitations in several functional categories, including, *inter alia*, the ability to work in coordination with or proximity to others without being distracted by them, the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and the ability to accept instructions and respond appropriately to criticism from supervisors (Tr. 741-42). Further, Dr. Logan reiterated his findings relative to the claimant's difficulties with maintaining concentration and focus and added that he would likely be limited to performing repetitive tasks in his written comments (Tr. 743). The ALJ's RFC finding does not incorporate (and his decision does not address) any of these limitations, so his failure to provide a proper analysis of Dr. Logan's opinion prohibits the undersigned from conducting a proper review of the decision. *See, e. g., Gorringe v. Astrue*, ___ F. Supp. 2d ___, 2012 WL 4510715, *3 (D. Colo. Sept. 30, 2012) (Finding that an ALJ's failure to address the limitations contained within a state reviewing physician's opinion that a claimant was moderately limited in the ability to, *inter alia*, maintain concentration

for extended periods of time and complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods and explain how they were being incorporated into the RFC at step four was error).

For the reasons set forth above, the undersigned Magistrate Judge concludes that the decision of the Commissioner should be reversed and the case remanded to the ALJ for proper analysis of the medical opinions of record. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

In summary, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied and the decision of the Commissioner is therefore not supported by substantial evidence, and accordingly RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED to the ALJ for further proceedings consistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 13th day of March, 2013.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma